# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

KASSIE SWIFT                                                                                            PLAINTIFF

V.                                    No. 4:22-CV-310-BSM-JTR

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                                                DEFENDANT

## RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

## I.   Introduction

On February 7, 2019, *pro se* Plaintiff Kassie Swift filed a Title II application for a period of disability and disability insurance benefits. (Tr. at 17). On the same day, she filed a Title XVI application for supplemental security income. In both applications, she alleged disability beginning on January 25, 2019. *Id*. In a written decision dated August 5, 2020, an administrative law judge ("ALJ") denied the

applications. (Tr. at 17–24). The Appeals Council denied Swift's request for review on February 3, 2021. (Tr. at 6–11). The ALJ's decision now stands as the final decision of the Commissioner, and Swift has requested judicial review.

For the reasons stated below, the Court concludes that the Commissioner's decision should be affirmed.

## II. The Commissioner's Decision

The ALJ found that Swift had not engaged in substantial gainful activity since the alleged onset date of January 25, 2019.[1] (Tr. at 20). At Step Two, the ALJ determined that Swift has the following severe impairment: degenerative disc disease. *Id*.

At Step Three, the ALJ determined that Swift's impairment did not meet or equal a listed impairment.[2] *Id*. Before proceeding to Step Four, the ALJ determined that Swift had the residual functional capacity ("RFC") to perform work at the sedentary exertional level, with some additional limitations. (Tr. at 20). She could no more than occasionally balance, stoop, kneel, crouch, and crawl. *Id*. She could

---

[1] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g).

[2] 20 C.F.R. Part 404, Subpt. P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).

never climb. *Id*.

At Step Four, the ALJ determined that Swift is unable to perform any of her past relevant work. (Tr. at 22). Relying upon testimony from a Vocational Expert ("VE"), the ALJ found, based on Swift's age, education, work experience and RFC, there are jobs in the national economy that Swift can perform, including positions such as call-out operator and table worker. (Tr. at 24). Therefore, the ALJ concluded that Swift was not disabled. *Id*.

### III.   Discussion

#### A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> Our review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision. Reversal is not warranted, however, merely because substantial evidence would have supported an opposite decision.

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of

administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

B. **Swift's Arguments on Appeal**

Swift's brief generally sets forth that the evidence supporting the ALJ's decision to deny benefits is less than substantial. She particularly argues that the ALJ did not account for her pain and that she could not perform sedentary work.

Swift injured her back, and a 2018 lumbar MRI showed multilevel arthropathy and foraminal stenosis. (Tr. at 412). In January and April of 2019, Swift had normal gait and normal deep tendon reflexes and she had negative straight-leg raises throughout the relevant time-period. (Tr. at 425–426, 498, 504). An April 2019 x-ray of her lumbar spine showed normal alignment and no degenerative changes. (Tr. at 498). A May 2020 lumbar MRI showed mild degenerative changes.[3] (Tr. at 509).

Swift complained of constant pain, but she was treated conservatively with

---

[3] Objective tests showing mild to moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004).

medication, a back brace, and physical therapy. (Tr. at 32–53). Her pain management doctor told her to maintain normal activities, and she admitted that she could cook, drive, and occasionally shop. (Tr. at 32–42, 284–286). This undermines her allegations of disabling pain.[4]

The ALJ discussed Swift's allegations of pain, the objective imaging results, and Swift's treatment plan. (Tr. at 20–22). While the two Disability Determination Services medical experts found that Swift could perform light exertional work (Tr. at 22), the ALJ determined that she was more limited, indicating that he accounted for her complaints of pain. He limited her to sedentary work with additional restrictions.[5] (Tr. at 20). The RFC accounted for Swift's credible limitations.[6]

---

[4] Inconsistencies between subjective complaints of pain and daily living patterns diminish credibility. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995).

[5] One of Swift's doctors limited her to lifting no more than 20 pounds, and sedentary work is even more restrictive, limiting a person to lifting no more than ten pounds. (Tr. at 43–45); 20 C.F.R. § 416.967(a).

Swift submitted evidence to the Appeals Council after the hearing. The evidence was duplicative of other evidence previously submitted, and the Appeals Council correctly found that it did not show a reasonable probability that it would have changed the outcome of the decision by the ALJ. (Tr. at 7). Swift also submitted medical records to this court along with her brief. (Doc. No. 11). In order for the Court to consider any new evidence, a plaintiff must show good cause for failure to incorporate such evidence in to the record. See 42 U.S.C. § 405(g); *Hardy v. Chater*, 64 F.3d 405, 408 (8th Cir. 1995). Not only has Swift not shown this, but the records date from two years after the ALJ's decision.

[6] An ALJ is not required to include limitations in the RFC that are not supported by the evidence in the record. *McGeorge v. Barnhart*, 321 F.3d 766, 769 (8th Cir. 2003).

## III. Conclusion

There is substantial evidence to support the Commissioner's decision that Swift was not disabled. The ALJ accounted for Swift's complaints of pain and the RFC incorporated all of her limitations.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be AFFIRMED and that judgment be entered for the Defendant.

DATED this 13th day of April, 2023.

_____
UNITED STATES MAGISTRATE JUDGE